EDWIN R. CRAWFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6045, 6933. Promulgated May 11, 1928.

*S. Leo Ruslander, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, and *Stanley H. Pierson, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The question here involved is whether the petitioner is entitled to deductions on account of notes paid in connection with the liquidation of Crawford & Eberman in 1918 and 1919, he being on a cash receipts and disbursements basis, or whether the losses were sustained in prior years.

The monies represented by the notes were secured in years prior to the taxable years, invested in the business and were lost, in any event, when the business ceased operations in 1917 if not prior thereto. None of the monies secured by the notes was used to pay debts or obligations of the firm but these monies were used for enlarging the business and to enable it to expand, more money being required to carry on the enterprise. The proceeds of the notes representing monies borrowed from banks for use in the business and the payment thereof in the taxable years represented merely repayment of borrowed money.

Deductions are not permitted on account of the repayment of loans. If such deductions were permitted, the petitioner would have two deductions represented by the same losses. That is, he would have a deduction when the borrowed money was lost and again when he repaid the borrowed money. This case is distinguishable from the case of *Herschel P. Jones*, 1 B. T. A. 1226. In that case the taxpayer guaranteed the payment of a loss of a partner. The mere guarantee of payment did not constitute a loss. The actual payment constituted the loss. Here the petitioner had not assumed the losses of any other person. He did not guarantee the repayment of money borrowed by others and was not, in any true sense, a guarantor of the notes which he was compelled to pay. The persons borrowing the money acted as agents for the petitioner and borrowed the money in his behalf. It was, in fact, his own personal obligation.

From a consideration of the evidence in the case and the applicable provisions of the statute, it is our opinion that the petitioner is not entitled to the deductions claimed during the taxable years involved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*