T.C. Memo. 2002-11

UNITED STATES TAX COURT

KEVIN P. OSBORNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5964-00.                    Filed January 10, 2002.

Kevin P. Osborne, pro se.

<u>Peter C. Rock</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioner's Federal income taxes of $10,267 and
$11,057, and penalties under section 6662(a) of $498.40 and
$259.40, for the taxable years 1996 and 1997.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the years in issue.

The issues for decision are: (1) Whether petitioner is entitled to deductions for "business promotion" expenses in excess of the amounts allowed by respondent; (2) whether petitioner is entitled to deduct amounts representing the repayment of loan principal; and (3) whether petitioner is liable for the penalties under section 6662(a).[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Burlingame, California, on the date the petition was filed in this case.

Petitioner is an insurance broker and operates a business named Osborne Insurance Agency. The business is operated as a sole proprietorship; there is no legal entity separate from petitioner himself, such as a corporation, limited liability company, or partnership. Petitioner filed a Schedule C, Profit or Loss from Business, in each of the years in issue for the business.

The first issue for decision is whether petitioner is entitled to deductions for "business promotion" expenses in excess of the amounts allowed by respondent.

---

[1]Petitioner concedes respondent's adjustments to his deductions for taxes and licenses. Respondent's adjustments to the amounts of self employment income tax, and the deductions therefor, are computational and will be resolved by the Court's holding on the issues in this case.

Petitioner claimed meal and entertainment expenses of $1,720 in 1996 and $1,274 in 1997.  Subtracting 50 percent of these expenses pursuant to the section 274(n) limitation, he claimed deductions of $860 and $637, respectively.  Separately from these deductions, petitioner also claimed deductions for "business promotion" in the amounts of $2,544 and $2,120.  In the statutory notice of deficiency, respondent disallowed half of each of the business promotion deductions.

Generally, expenses which are ordinary and necessary in carrying on a trade or business are deductible.  Sec. 162(a).  However, subject to exceptions not applicable here, a deduction for any expense related to food, beverages, entertainment, amusement, or recreation is limited to 50 percent of the amount of the expense.  Sec. 274(n).  "Entertainment" includes entertainment, amusement, or recreational activities at golf and country clubs.  Sec. 1.274-2(b)(1)(i), Income Tax Regs.

Respondent argues that the business promotion deductions are subject to the 50-percent limitation because they are for meal and entertainment expenses; namely, restaurant and golf-related expenses.  A summary prepared by petitioner's representative during the audit of petitioner's return lists the amounts constituting the total deduction claimed in 1996.  The majority of the expenses were in fact from restaurants and a country club.  The remaining expenses are of an unknown nature; petitioner did

not identify these as other than meal or entertainment expenses, or otherwise argue that the expenses should be allowed in full. We find petitioner's summary to be support for respondent's determination that the business promotion expenses are subject to the 50-percent limitation under section 274(n). Based on this record, we sustain that determination.[2]

The second issue for decision is whether petitioner is entitled to deduct amounts representing the repayment of loan principal.

Petitioner testified that he lent his business $31,712 in 1990 and $55,293 in 1992, and that his business partially repaid these loans in the years in issue in the amount of $30,000 in each year. Petitioner claimed a Schedule C deduction of $30,000 for each payment; respondent disallowed the deductions in full.

Petitioner is not entitled to the deductions for the alleged loan payments for two primary reasons. First, and most fundamentally, there was no loan for Federal income tax purposes. Petitioner's business was a sole proprietorship--not an entity separate from petitioner--and as such petitioner and his business share an identity for tax purposes. <u>Fairchild v. Commissioner</u>, T.C. Memo. 2001-237. Thus, any loan effectively would have been

---

[2] There is no credible evidence in the record to rebut the presumption of correctness which would attach to respondent's determination. Therefore, the provisions of sec. 7491(a), placing the burden of proof on respondent, do not apply.

made by petitioner to himself.  Furthermore, even if there had been a separate entity to which a loan could have been made, petitioner has not provided any reliable evidence of a loan.  The alleged loan document provided by petitioner (which relates only to the alleged 1990 loan) is not reliable because it consists of one paragraph, does not require interest payments, does not require the repayment of principal at any time certain, and although it refers to a secured party does not provide security for the loan.  Furthermore, petitioner's testimony concerning David Killian, who signed the document as a witness, suggests that the document may have been signed at a later time and backdated to 1990.  Petitioner also produced as evidence copies of two amended returns allegedly filed in 1993 for the taxable years 1990 and 1992.  Attached to each return was a sheet of paper on which the amount of reported Schedule C income was divided into two categories:  "1099 Farmers" and "Loan Kevin".  The total Schedule C income was $57,504 in 1990 and $162,650 in 1992.  The loan income was listed as $31,712 in 1990, and $55,293 in 1992.  It is unclear why these returns were to be filed because no changes in taxable income or tax liability were shown on them.  In any event, these are mere uncorroborated assertions by petitioner and are not reliable evidence.

Second, assuming arguendo that a loan had in fact been made, the repayment of one's own debt generally is not deductible.

Brenner v. Commissioner, 62 T.C. 878 (1974); Crawford v. Commissioner, 11 B.T.A. 1299 (1928). Petitioner argues that out of fairness he nonetheless should be entitled to a deduction because he included the loan amounts in the income of the business when they were received by the business. We do not accept petitioner's evidence that he included the amounts in income in 1990 and 1992. First, as noted above, the proffered documents are not reliable evidence. Second, petitioner did not treat the loan payments consistently. If he believed that the business was required to report income when the loan was received, and entitled to a deduction when the loan was repaid, then it is unclear why petitioner as an individual did not do the reverse--claim a deduction upon initial disbursement, and report income upon repayment. These actions, of course, would have canceled each other out for tax purposes because each would have been reported on the same tax return. In any event, even if we assumed arguendo that petitioner overreported income for 1990 or 1992, neither of those years is within our jurisdiction here.

The final issue for decision is whether petitioner is liable for the penalties under section 6662(a).

Respondent determined that petitioner was liable for the penalties only with respect to the portions of the underpayments attributable to petitioner's deduction of the business promotion expenses and the tax and license expenses. Petitioner concedes

the latter underlying adjustment, but he disputes the imposition of the penalties.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. Finally, a taxpayer may avoid the accuracy-related penalty under section 6662(a) by showing reliance on the advice of a professional which was reasonable and in good faith. Sec. 1.6664-4(b)(1), Income Tax Regs.

As discussed above, the business promotion expense deductions were adjusted by respondent to reflect the 50-percent limitation under section 274(n).  The cause for the adjustment to the tax and license deductions is not as clear because petitioner concedes this issue and it was not argued at trial.  Petitioner claimed deductions of $7,517 in 1996 and $4,323 in 1997; respondent allowed only $2,454 and $1,412, respectively.  Neither petitioner's tax return nor respondent's notice of deficiency enumerates the individual expenses constituting the total claimed and allowed deductions for taxes and licenses.  Respondent, however, argues in his trial memorandum that the totals were derived from the following with respect to 1996:[3]

|  | Claimed | Allowed |
|---|---|---|
| Federal income tax withholding | $1,300 | $-0- |
| Employees' FICA | 1,829 | -0- |
| Employer's FICA | 1,829 | 1,829 |
| FUTA | 121 | 121 |
| State income tax withholding | 165 | -0- |
| State unemployment insurance | 377 | 377 |
| State employee training tax | 15 | 15 |
| State disability insurance | 191 | -0- |
| Licenses | 112 | 112 |
| Petitioner's Federal income tax | 1,578 | -0- |
|  | 7,517 | 2,454 |

Petitioner primarily argues that he is not liable for the negligence penalty because he relied on his tax return preparer. Limiting our review to the two items for which respondent found petitioner to be negligent, we agree with petitioner.  Blind

_____

[3]Some of the corresponding individual amounts were stipulated by the parties as having been paid.

reliance on a return preparer is not a defense to negligence, and taxpayers retain a duty to file an accurate return and generally are required to review their return before signing it.  E.g., Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987).  However, in this case and with respect to these two items on petitioner's tax returns, petitioner's reliance was reasonable.  Petitioner provided his return preparer with his business records, and the preparer computed the amounts of the deductions.  Petitioner was reasonable in not questioning the preparer's classification of some meal and entertainment expenses as "business promotion" expenses; because of the location of these expenses on the return, the 50 percent limitation was not obviously applicable.  Petitioner was also reasonable in not questioning the preparer's classification of the various tax expenses as deductible:  Requiring petitioner to question and research the deductibility of each individual item would render his use of a preparer pointless.  The record does not support respondent's determination of negligence in this case.

To reflect the foregoing,

Decision will be entered for respondent with respect to the deficiencies and for petitioner with respect to the penalties.