T.C. Summary Opinion 2002-93

UNITED STATES TAX COURT

JACK CHIEN CHING HUANG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4726-01S.                    Filed July 18, 2002.

Jack Chien Ching Huang, pro se.

Minakshi Tyagi-Jayasinghe, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 1997, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax and an accuracy-related penalty for 1997, as follows:

| Deficiency | Penalty Sec. 6662(a) |
|---|---|
| $9,017 | $1,803.40 |

After concessions by the parties,[2] the issues remaining for decision are as follows:

(1) Whether petitioner is entitled to a deduction for an office in the home. We hold that he is to the extent provided herein.

(2) Whether petitioner is entitled to a deduction for repayment of principal on a bank loan. We hold that he is not.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Pasadena, California, at the time that his petition was filed with the Court.

---

[2] Respondent concedes: (1) Petitioner did not receive unreported gross receipts; (2) petitioner is entitled to a Schedule C, Profit or Loss From Business, deduction for interest expense in the amount of $1,279; (3) petitioner is entitled to additional Schedule C deductions in the amount of $3,400; (4) petitioner is entitled to an additional Schedule C deduction for rent expense in the amount of $787; and (5) petitioner is not liable for the accuracy-related penalty under sec. 6662(a).

Petitioner concedes that he is not entitled to a Schedule C deduction for salaries and wages.

The imposition of self-employment tax, the deduction under sec. 164(f) for one-half of the self-employment tax, and the earned income credit are mechanical matters the resolution of which depends on our disposition of the disputed issues and the parties' concessions.

A.  Petitioner

During 1997, the taxable year in issue, petitioner operated a small after-hours school, gave private violin lessons, and was a composer of musical scores.  We examine each of petitioner's businesses in turn.

B.  The Pasadena Chinese School

In 1994, after achieving a bachelor of arts degree in music from the University of California at Irvine, a degree in film scoring from the University of California at Los Angeles, and a commercial music degree from California State University at Los Angeles, petitioner founded a small after-hours school in Pasadena, California, called the Pasadena Chinese School.  The City of Pasadena granted petitioner a business license for the "Pasadena Chinese School/CIM Music Productions providing classes of Chinese and Fine Arts" on the condition that petitioner rent another facility outside his home for classroom use.[3]

During 1997, petitioner rented classroom space at Wilson Middle School (Wilson), a public school within the Pasadena Unified School District.  Petitioner used this space to teach courses in music, mathematics, martial arts, English, and Chinese to students between the ages of 5 and 12.  The space was

_____

[3] Petitioner's arrangement with the City of Pasadena did permit petitioner to maintain an office in the home. Petitioner's business address, as specified on the license, was 75 South Meridith Avenue, Pasadena, CA.  See infra "E".

available to petitioner on a daily basis, Monday through Friday, between the hours of 2:30 p.m. and 6:00 p.m., with the exception of the summer months of July and August when the space was available from 8:00 a.m. to 6:00 p.m.  Enrollment in the Pasadena Chinese School was not limited to students at Wilson, but was open to students from neighboring schools as well.

Petitioner's daily classes were conducted in a specified classroom, but petitioner had the option of using a second classroom for courses conducted after 4:00 p.m.  Petitioner was also afforded the use of a storage room, which he could utilize as he wished.

C.  Saturday Violin Lessons

During 1997, petitioner also gave private violin lessons in his home to a small group of children (not necessarily the same children that petitioner taught at Wilson).  The violin lessons were given on Saturday, with the exception of the summer months of July and August when petitioner took a sabbatical.

D.  CIM Music Productions

Finally, during 1997, petitioner pursued a music writing activity, which he called CIM Music Productions.  Petitioner composed musical scores for a Hong Kong-based recording company.

E.  75 South Meridith Avenue

At all relevant times, petitioner's father owned a duplex residence located at 73-75 South Meridith Avenue in Pasadena,

California. Petitioner's father and mother resided at 73 South Meridith, whereas petitioner and his younger brother resided at 75 South Meridith. Petitioner paid his father rent for the use of the property.

The residence at 75 South Meridith consisted of a combined living and dining room area, a kitchen, three bedrooms, and a bathroom. Petitioner and his brother jointly used the common space; i.e., the combined living and dining room area, the kitchen, and the bathroom. Petitioner also used two of the three bedrooms; his brother used the remaining bedroom.

### 1. "Home Office"

Petitioner referred to one of his two bedrooms as a "home office". This room measured 9 feet 8 inches in width by 13 feet 4 inches in length. The room included a folding sofa, a dresser, and a tea stand, which petitioner used to organize his students' papers. Petitioner generally converted the folding sofa into a bed in the evening.

Based on the photograph that petitioner introduced at trial, the room did not appear to be set up as a typical office in that there was no indication of any desk, filing cabinets, or office equipment. However, petitioner occasionally used this room to give his Saturday violin lessons. Petitioner used the closet in the room to store both personal and business belongings.

2. "Studio"

Petitioner referred to the second of his two rooms as a "studio". This room measured 11 feet 2 inches in width by 15 feet in length. The room included an electronic musical keyboard, sound recording equipment, loud speakers, a computer (with a musical instrument digital interface) and monitor, and shelves containing a multitude of music tapes. The room also included a folding sofa, which petitioner would use as a bed if he worked late at night composing music. Finally, there was a closet, which petitioner used to store both personal and business belongings.

Petitioner exclusively used a clearly defined portion of this room, equal to three-quarters of its square footage, to: (1) Prepare lesson plans and perform other tasks related to his duties as the administrator/teacher at the Pasadena Chinese School; (2) compose music for CIM Music Productions; and (3) teach most of his Saturday violin lessons.

F. Loan Repayment

Petitioner maintained an account with Providian Bank in the form of a line of credit. Petitioner borrowed against this line of credit in order to pay operating expenses of the Pasadena Chinese School. Petitioner deducted such operating expenses on his Schedule C, which deductions were allowed by respondent.

In March 1997, petitioner borrowed $5,000 from his mother.

Petitioner used this loan to pay down the then outstanding balance on his line of credit with Providian Bank.

In September 1997, petitioner borrowed another $5,000 from his mother and $3,000 from his aunt. Petitioner used $7,540 of these loans to pay down the then outstanding balance on his line of credit with Providian Bank.

G.  Petitioner's 1997 Income Tax Return

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for 1997. Petitioner attached to his return a Schedule C, Profit or Loss From Business, and claimed deductions for various expenses in the total amount of $77,042. Included in this amount was a deduction for rent in the amount of $14,815 and a deduction for "other expenses" in the amount of $21,091.

Included in the deduction for rent was $8,028, representing expenses for the business use of petitioner's home. Included in the deduction for "other expenses" was $12,540, representing the repayment of principal on the loan from his line of credit with Providian Bank.

H.  Notice of Deficiency

Respondent determined a deficiency in petitioner's income tax for 1997. In the notice of deficiency, respondent determined, inter alia, that petitioner is not entitled to any deduction for an office in the home or for repayment of principal on the loan from his line of credit with Providian Bank.

Discussion[4]

A.  Home Office Deduction

Petitioner contends that he is entitled to a deduction for an office in the home because his "home office" and "studio" were used for business purposes.  Respondent contends that petitioner is not entitled to this deduction because neither petitioner's "home office" nor his "studio" was used <u>exclusively</u> for business purposes.  Respondent also contends that 75 South Meridith Avenue was not the principal place of business for the Pasadena Chinese School.[5]

Section 162(a) allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  However, in the case of expenses paid or incurred in connection with the business use of a home, section 280A serves to restrict the deductibility rule of section 162(a).  Thus, section 280A(a) generally provides that no deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence.

---

[4] We decide the issues in this case without regard to the burden of proof.  Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).

[5]  Respondent does not contend that the principal place of business for either petitioner's music composition business or petitioner's violin teaching business is not at 75 South Meridith Avenue.

Section 280A(c) provides exceptions to the general rule of section 280A(a). Thus, as relevant herein, section 280A(a) does not apply to any item to the extent that such item is allocable to a portion of the dwelling unit that is <u>exclusively</u> used on a regular basis as the principal place of business for any trade or business of the taxpayer. See sec. 280A(c)(1)(A). Accordingly, in order to qualify under section 280A(c), a portion of petitioner's dwelling must be <u>exclusively</u> used on a regular basis as the principal place of business for his trade or business. See <u>Hamacher v. Commissioner</u>, 94 T.C. 348, 353 (1990).

Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of the dwelling unit <u>solely</u> for the purpose of carrying on his trade or business. The use of a portion of the dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. <u>Gomez v. Commissioner</u>, T.C. Memo. 1980-565. However, "The exclusive use test does not require that the portion of a room used for business must be separated physically from the rest of the room by a wall, partition, or other demarcation, but only that the absence of such a physical separation be a factor for the Court to weigh." <u>Williams v. Commissioner</u>, T.C. Memo. 1991-567.

We begin by applying these principles to petitioner's "home office". Here it is clear that petitioner used this room for personal purposes and that business use was secondary, if not incidental. Indeed, the photograph of the room that petitioner introduced at trial did not reveal any indicia of business use; moreover, the main piece of furniture in the room was a folding sofa that petitioner used as his bed on most nights. It is equally clear that no portion of this room was used <u>exclusively</u> for business purposes. Accordingly, we hold that petitioner is not entitled to any deduction in respect of his "home office". See <u>Cook v. Commissioner</u>, T.C. Memo. 1997-378.

We turn now to petitioner's "studio". Here the situation is different. Although there was some personal use of a portion of this room, petitioner used a clearly defined portion thereof exclusively as the principal place of business for his music composition and violin teaching businesses, as well as a place of business for the Pasadena Chinese School. Accordingly, we hold that petitioner is entitled to a deduction equal to three-quarters of the expense allocable to his "studio". See <u>Hewett v. Commissioner</u>, T.C. Memo. 1996-110.

B. <u>Repayment of Principal on Loan From Providian Bank</u>

During the year in issue, petitioner borrowed money from his mother and aunt in order to pay down the outstanding balance on his line of credit with Providian Bank. At trial, petitioner

testified that he borrowed from his relatives to pay the bank in order to "maintain [his] good credit".  In this regard, petitioner candidly admitted that his relatives were more flexible (and forgiving) as creditors than was the bank.

At trial, respondent conceded that petitioner was entitled to a Schedule C deduction for interest expense in the amount of $1,279.  See supra note 2.  However, respondent contends that the repayment of principal on the loan from Providian Bank is not deductible.  We agree.

As we said many years ago, "Deductions are not permitted on account of the repayment of loans."  Crawford v. Commissioner, 11 B.T.A. 1299, 1302 (1928); see Brenner v. Commissioner, 62 T.C. 878, 883 (1974); Osborne v. Commissioner, T.C. Memo. 2002-11; Clark v. Commissioner, T.C. Memo. 1994-120, affd. without published opinion 68 F.3d 469 (5th Cir. 1995).

In the context of the present case, the rationale for the foregoing rule is readily apparent.  Petitioner borrowed against his line of credit in order to pay operating expenses of the Pasadena Chinese School; petitioner then deducted such operating expenses on his Schedule C, which deductions were allowed by respondent.  To allow petitioner to deduct the repayment of principal would allow him "the practical equivalent of double deduction."  Ilfeld Co. v. Hernandez, 292 U.S. 62, 68 (1934).  As we have previously held, "The Code 'should not be interpreted' to

allow double deductions for the same amount 'absent a clear declaration of intent by Congress,' * * * and we not think section 162(a) reflects any such intent." <u>Brenner v. Commissioner</u>, 62 T.C. 878, 885 (1975) (quoting <u>United States v. Skelly Oil Co.</u>, 394 U.S. 678, 684 (1969)).

In view of the foregoing, we sustain respondent's determination and hold that petitioner is not entitled to any deduction for repayment of principal on the loan from Providian Bank.

<u>C. Conclusion</u>

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to our disposition of the disputed issues, as well as the parties' concessions, see <u>supra</u> note 2,

<u>Decision will be entered</u>

<u>under Rule 155</u>.