T.C. Summary Opinion 2007-141

UNITED STATES TAX COURT

WILLIAM W. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6899-06S.                    Filed August 14, 2007.

William W. Brown, pro se.

<u>Kathleen K. Raup</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in Federal income tax of $3,169 for petitioner's 2001 tax year. After concessions,[2] the issue we must decide is whether petitioner is entitled to deduct payments totaling $3,484.16 toward the principal of an outstanding debt reported on his Schedule C, Profit or Loss From Business.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Egg Harbor Township, New Jersey.

Petitioner has been a residential home builder since 1985. On December 22, 1988, petitioner purchased five vacant lots (lots) in Egg Harbor Township, New Jersey, for $162,500. In order to pay for the lots, petitioner borrowed $182,500 from

---

[2] Respondent concedes that petitioner is entitled to deduct $8,515.84 for mortgage interest reported on his Schedule C. The parties stipulate that petitioner is not entitled to a deduction for mortgage interest reported on his Schedule A, Itemized Deductions, but he is entitled to the $6,550 standard deduction for 2001. The parties also agree that petitioner is entitled to a Schedule C business deduction of $2,033, instead of the claimed $984, for business use of home and a lifetime learning credit of $716, instead of the claimed $223, for 2001. Whether petitioner is liable for additional self-employment tax or entitled to an earned income credit for 2001 are computational adjustments that will need to be made in the parties' Rule 155 computations.

Anchor Savings and Loan Association (Anchor), gave a mortgage on the lots, and a second mortgage on his home, as security (entire transaction hereinafter referred to as the "loan"). According to the loan commitment letter, $20,000 of the amount borrowed was to be placed into a passbook savings account at Anchor as an interest reserve.

In 1990, petitioner completed a home on one of the lots, and in 1991, he sold a partially completed home on another one of the lots. Before 1999, petitioner sold all of the lots that had secured repayment of the loan.

During 1994 and 1995, Anchor was placed in receivership by the Resolution Trust Corporation, and petitioner's loan was subsequently sold to Federal Financial Co. On March 15, 1999, petitioner and Federal Financial Co. executed a modification agreement whereby petitioner agreed to repay the outstanding indebtedness of the loan, $100,353.38, at a 9-percent interest rate over 84 months. Pursuant to the terms of the modification agreement, petitioner was required to make $1,000 monthly payments, each payment consisting of principal and interest.

Pursuant to the modification agreement, petitioner made 12 monthly payments of $1,000 toward the loan to Federal Financial Co. in 2001. Of the $12,000 paid, $8,515.64 was applied to interest and $3,484.16 was applied to the principal of the loan.

Petitioner timely filed a 2001 Federal income tax return. On August 13, 2003, respondent mailed a notice of deficiency to petitioner with respect to the 2001 tax year. Petitioner timely filed a petition on April 10, 2006.[3]

## Discussion

Based on the foregoing facts, which are not in dispute, petitioner argues that the portion of his loan payments applicable to the principal should be deductible as a business expense. Respondent argues that to allow petitioner a deduction for repayment of the principal on the loan would essentially allow a "double deduction". Respondent argues that petitioner used the loan to purchase the lots and established petitioner's tax basis in them. Respondent notes that each of the five lots that secured the loan was sold before 2001, and that any gain or loss on the sale of those lots should or could have already been reported on petitioner's returns for years before 2001. Summarily, respondent's argument is that petitioner has, or could have, already recovered the cost of the lots when they were sold,

---

[3] Petitioner filed a ch. 13 petition in the U.S. Bankruptcy Court for the District of New Jersey on Sept. 5, 2000. In 2000, the filing of a ch. 13 petition triggered an automatic stay which prohibits the commencement of a proceeding in the Tax Court concerning the debtor. See 11 U.S.C. sec. 362(a)(8) (2000). The automatic stay was lifted on Jan. 10, 2006, when the bankruptcy court entered an order granting petitioner a discharge under ch. 13 of the Bankruptcy Code. Due to the automatic stay, the running of the time for petitioner to file a petition in this Court was suspended, which allowed him to file a timely petition after the discharge from bankruptcy. See sec. 6213(f)(1).

and that the deduction of the principal of the loan would effectively duplicate a tax benefit to petitioner. We agree with respondent's argument.

After borrowing the funds, petitioner used the proceeds to purchase lots. The borrowed funds used for the purchase created a tax basis. The subsequent sale of the lots resulted in either a profit or loss. At trial, petitioner acknowledged that he would have reported any gain from the sale of the lots in prior years by subtracting his cost from the sales price. If petitioner had suffered a loss, he could have offset other income.

Regardless of whether petitioner had a gain or loss on the sale of the lots, the tax benefit of the cost incurred in purchasing the lots would have been realized in the year of sale. The repayment of the loan's principal is a different transaction from the purchase and sale of the lots and does not create a deductible business expense. Petitioner was simply returning borrowed money. See Brenner v. Commissioner, 62 T.C. 878, 883 (1974); Crawford v. Commissioner, 11 B.T.A. 1299, 1302 (1928). Therefore, we sustain respondent's determination that petitioner

is not entitled to a deduction for the repayment of principal on the loan.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.